IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DESHAWN D. JOHNSON,

    Plaintiff,

v.

LACEY DICKMAN, et al.

    Defendants.

ORDER

Case No. 25-cv-559-jdp

---

DESHAWN D. JOHNSON,

    Plaintiff,

v.

LACEY DICKMAN, et al.

    Defendants.

ORDER

Case No. 25-cv-560-jdp

---

Plaintiff DeShawn D. Johnson has submitted a certified inmate trust fund account statement in support of a motion for leave to proceed without prepaying the filing fee. The court must now determine whether plaintiff qualifies for indigent status and, if so, calculate initial partial payments of the filing fee for each case.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from plaintiff's trust fund account statement, I have calculated plaintiff's initial partial payment for each case to be $36.14 (total $72.28). For these cases to proceed, plaintiff must submit this amount on or before July 31, 2025.

If plaintiff does not have sufficient funds in a regular inmate account to make the initial partial payments, then plaintiff should arrange with prison officials to make the payments from

a release account.  However, prison officials will draw funds first from plaintiff's regular account and any portion of the initial partial payments remaining from plaintiff's release account.  *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

ORDER

IT IS ORDERED that:

1. Plaintiff DeShawn D. Johnson is assessed an initial partial payment of $36.14 for each case (total $72.28).  Plaintiff must submit a check or money order payable to the clerk of court by July 31, 2025 or advise the court in writing why plaintiff is not able to make the initial partial payments.

2. No further action will be taken in these cases until the clerk's office receives the initial partial payments as directed above and the court has screened the complaints as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2).  Once the screening process is complete, the court will issue a separate order.

2. If plaintiff fails to make the initial partial payments by July 31, 2025, or fails to show cause why the payments could not be made, then I will assume that plaintiff wishes to withdraw the actions voluntarily.  In that event, the cases will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  If plaintiff submits the initial partial payment within 30 days of dismissal, the cases will be reopened.  The court will not reopen the cases after 30 days unless plaintiff makes a showing that they are entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 3rd day of July, 2025.

        BY THE COURT:

        /s/
        ANDREW R. WISEMAN
        United States Magistrate Judge